**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jose Adan MENDOZA–LICEA, Defendant—Appellant.**

No. 03–50350.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.[*]

Decided Dec. 14, 2005.

Becky S. Walker, Esq., Tracy L. Wilkison, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff-Appellee.

Michael Tanaka, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM [**]

Jose Adan Mendoza–Licea appeals his conviction, pursuant to a conditional guilty plea, for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Mendoza–Licea contends that the district court erred in denying his motion to dismiss the indictment on the grounds that his prior removal was invalid. Specifically, Mendoza–Licea argues that because the immigration judge ("IJ") failed to tell him that he was eligible for relief from removal under former § 212(c) of the Immigration and Naturalization Act, his removal proceeding was defective and cannot form the basis for a conviction under 8 U.S.C. § 1326. Even assuming the IJ's failure to inform Mendoza–Licea of his eligibility for relief from removal violated his due process rights, *see United States v. Pallares–Galan,* 359 F.3d 1088, 1095 (9th Cir.2004), the district court's denial of his motion to dismiss was not error because Mendoza–Licea has failed to demonstrate any prejudice, *see United States v. Ubaldo–Figueroa,* 364 F.3d 1042, 1050 (9th Cir.2004).

Because Mendoza–Licea was sentenced under the then-mandatory Sentencing Guidelines, and because we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court to answer that question, and to proceed pursuant to

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez,* 419 F.3d 906, 916 (9th Cir.2005) (extending *Ameline's* limited remand procedure to cases involving nonconstitutional error).

Mendoza–Licea's motion for leave to file a supplemental brief and motion to supplement the record are denied as moot.

**CONVICTION AFFIRMED; SENTENCE REMANDED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.